# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA M. TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 165 |
| | ) | |
| DAVID HODAPP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant David Hodapp's (Hodapp) motion to dismiss and on Plaintiff Pamela Terry's (Terry) motion for leave to file a second amended complaint. For the reasons stated below, we grant the motion to dismiss and we deny the motion for leave to file a second amended complaint.

## BACKGROUND

Plaintiff Pamela Terry (Terry) allegedly was and continues to be employed as an Official Court Reporter by the State of Illinois. On January 26, 2005, Hodapp, a United States Postal Inspector, allegedly went to Terry's residence accompanied by another Postal Inspector and an Illinois Assistant Attorney General. Hodapp allegedly told Terry that he had evidence in his briefcase that showed Terry had

1

over-billed the Cook County State's Attorney's Office for her services. Hodapp allegedly refused to show Terry the evidence and told Terry that he was interested in learning information about misconduct of state court judges, implying that Terry could avoid any charges being brought against her by providing such information about judicial misconduct. Terry claims that she indicated that she had no such information and that Hodapp continued to refuse to show her the evidence he claimed to have in his briefcase. For months after the visit to Terry's home, Hodapp allegedly continued to contact Terry to threaten and harass her. In September 2005, Hodapp allegedly caused Terry to be criminally charged in state court with offenses relating to invoices or vouchers Terry submitted to the Cook County State's Attorney's Office. In January 2008, Terry was allegedly acquitted by a jury of all charges. Terry claims that the charges caused her to be suspended from her job without pay and caused her professional reputation to be harmed. Terry includes in her first amended complaint a claim brought under 42 U.S.C. § 1983 (Section 1983) for malicious prosecution (Count I), a Section 1983 Fourth Amendment illegal search and seizure claim (Count II), and a Section 1983 Fifth Amendment due process claim (Count III). Hodapp now moves to dismiss all claims, and Terry has requested leave to file a second amended complaint.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations

contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

Hodapp argues that Section 1983 cannot support a claim against a federal employee acting in the course of federal employment. Hodapp also argues that Terry has failed to allege sufficient facts to indicate a Fourth Amendment violation.

I. Section 1983 Claims

Hodapp contends that Section 1983 claims do not apply to Hodapp, a federal employee acting in the course of his federal employment. Section 1983 applies to state action and the conduct of state actors. 42 U.S.C. § 1983; *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010)(indicating that "§ 1983 actions may

only be maintained against defendants who act under color of state law"). Section 1983 claims do not apply to federal actors acting in the course of their federal employment. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973)(explaining that Section 1983 does not apply to federal actors); *Lewis v. Downey*, 581 F.3d 467, 471 n.3 (7th Cir. 2009)(explaining that "[a] county employee caring for federal prisoners arguably becomes a *federal* actor, rather than the requisite *state* actor, rendering § 1983 inapplicable"). Terry alleges facts that indicate that Hodapp was a federal employee acting in the course of his federal employment. Thus, Terry fails to state a claim in any of the Counts of the first amended complaint, which are all expressly premised on Section 1983.

II. Malicious Prosecution Claim (Count I)

Hodapp also contends that, even if Section 1983 were applicable to him in this case, Section 1983 cannot support a malicious prosecution claim. The Seventh Circuit has not recognized a Section 1983 malicious prosecution claim in Illinois. *See Ray v. City of Chicago*, 2011 WL 13862, at *3-4 (7th Cir. 2011)(indicating that "[w]hile [the Court has] also held that [it] will allow individuals to bring Section 1983 malicious prosecution suits when the relevant state's law does not provide them with a way to pursue such claims, . . . Illinois law recognizes tort claims for malicious prosecution" and "the appropriate venue for [such] claims is Illinois state court"); *Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009)(indicating that "Seventh Circuit precedent does not permit an action for malicious prosecution under

4

§ 1983 if a state remedy exists"); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)(indicating that there is no "constitutional tort of malicious prosecution when state courts are open"); *see also Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007)(indicating that the Court has not "explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983"); *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir. 2010)(stating that "[t]he Supreme Court has neither recognized nor foreclosed the possibility of plausibly asserting a right not to be prosecuted without probable cause under § 1983, either under the Fourth Amendment . . . or the Fourteenth Amendment's Procedural Due Process Clause"). The Seventh Circuit has indicated that, in some instances, a malicious prosecution type claim could properly be "recast" as a claim based on *Brady v. Maryland,* 373 U.S. 83, 86-87 (1963), which provides that the prosecution must disclose evidence that is favorable to the defense. *Ray*, 2011 WL 13862, at *3-4. However, there are no facts alleged by Terry that would indicate any type of *Brady* claim in this case. Thus, Terry has not stated a valid Section 1983 malicious prosecution claim (Count I). We note that while Terry could attempt to pursue a state law malicious prosecution claim, she has not indicated that the court has diversity subject matter jurisdiction, and regardless, it would be prudent to decline to exercise supplemental jurisdiction over such a claim. *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994).

III. Fourth Amendment Claim (Count II)

Hodapp also contends that, even if Terry had not premised her Fourth Amendment claim upon Section 1983, Terry has not presented sufficient facts to state a valid claim for relief under the Fourth Amendment. In evaluating a Fourth Amendment claim, the threshold inquiry is "whether a search or seizure actually occurred." *Carlson v. Bukovic*, 621 F.3d 610, 618 (7th Cir. 2010). The traditional test for determining whether a seizure of a person occurred, is assessing "whether the person believed he was 'free to leave.'" *Id.* The standard for the test "is an objective one and is made on the basis of the totality of the circumstances surrounding the encounter." *Id.* (internal quotations omitted)(quoting *Florida v. Bostick*, 501 U.S. 429, 437 (1991)); *see also Gentry v. Sevier*, 597 F.3d 838, 844 (7th Cir. 2010)(stating that "[a]n officer executes a Fourth Amendment seizure when by means of physical force or show of authority [the officer] . . . in some way restrain[s] the liberty of a citizen")(internal quotations omitted)(quoting in part *Shell v. United States,* 448 F.3d 951, 955 (7th Cir. 2006)). Circumstances that the court can consider in assessing whether a seizure occurred, include physical contact by law enforcement, "the number and threatening presence of officers, the display of a weapon and the police officers' language and tone of voice suggesting compulsion." *Carlson*, 621 F.3d at 619.

In the instant action, Terry does not allege facts that suggest that Hodapp forcibly entered her home or entered her home without her consent. Nor does Terry

allege facts indicating that Hodapp displayed a weapon or that he or anyone with him engaged in any conduct that would have given a reasonable person in Terry's position the belief that she was being detained and was unable to leave or to simply insist that Hodapp and his companions leave. Terry also references later meetings with Hodapp, but does not allege facts to indicate a seizure of her person. Terry alleges facts that indicate that Hodapp may have made an implied threat to her, but the alleged threat was that he would bring charges against her if she did not give him information. Terry does not allege facts that would indicate that based on the alleged threat, she reasonably believed that her person was the subject of a seizure.

A seizure of property is also protected by the Fourth Amendment. *United States. v. Jacobsen*, 466 U.S. 109, 113 (1984). A "seizure" of property is deemed to "occur[] when there is some meaningful interference with an individual's possessory interests in that property." *Id.* Terry does not allege any facts indicating that Hodapp exercised control over, took possession of, or otherwise interfered with Terry's possessory interests in her property. Thus, there are no facts included in the complaint that would plausibly suggest that a seizure of Terry's person or her property occurred within the meaning of the Fourth Amendment.

A search of a person or property is also protected by the Fourth Amendment. *Jacobsen*, 466 U.S. at 113. A "search" is deemed to "occur[] when an expectation of privacy that society is prepared to consider reasonable is infringed." *Id.* Terry fails to allege facts that would indicate any type of search was conducted at her home or

that a search of her person was ever conducted. Thus, Terry has failed to allege facts to plausibly suggest a Fourth Amendment violation (Count II).

IV. Fifth Amendment Due Process Claim (Count III)

Hodapp also contends that, even if Terry had not premised her Fifth Amendment claim upon Section 1983, Terry has not presented sufficient facts to state a valid claim for relief under the Fifth Amendment. Terry alleges that Hodapp violated her Fifth Amendment due process rights by initiating and commencing charges against her and causing an unwarranted prosecution against her in court. (A. Compl. Par. 38-51). However, the Seventh Circuit has made clear that the Court has not recognized a due process claim based on a person being prosecuted without probable cause. *See Avila v. Pappas*, 591 F.3d 552, 553-54 (7th Cir. 2010)(stating that "[t]here might be a problem under the fourth amendment if a person is arrested without probable cause, but when the suit is directed against the prosecution itself, rather than any attendant custody, there is no constitutional wrong" and that "[t]he right to defend oneself in the state prosecution, and to advance a tort claim in state court, is all the process due for an unsupported or maliciously pursued criminal charge"). Terry does not allege that she was ever arrested by Hodapp, and Terry cannot base a due process claim solely upon allegations that she was charged and prosecuted. Thus, Terry has not alleged facts to plausibly suggest a Fifth Amendment due process claim. Therefore, based on the above, we grant the motion

to dismiss in its entirety.

V.  Motion For Leave to File a Second Amended Complaint

After Hodapp filed the instant motion to dismiss Terry's first amended complaint, Terry filed a motion for leave to file a second amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(Rule 15(a)), "[a] party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a). Once a plaintiff no longer has a right to amend a complaint as a matter of course under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." *Id.* Although, under Rule 15(a) "leave to amend should be freely given, . . . that does not mean it must always be given." *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009). A district court has "'broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Id.* (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008)). Terry previously amended her complaint and cannot amend her complaint for a second time as a matter of course. Fed. R. Civ. P. 15(a). Hodapp contends that the court should deny the motion for leave to file a second amended complaint, arguing that the proposed second amended complaint would be futile.

A.  Section 1983 and *Bivens* Claims

Terry includes in her proposed second amended complaint the same three claims that she included in her first amended complaint, except that she premises them on *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), instead of on Section 1983.  Terry has apparently conceded in her proposed second amended complaint that Section 1983 claims are inapplicable to Hodapp since she no longer seeks to pursue such claims.  *Bivens* claims are the appropriate claims to bring against federal actors in their individual capacities for constitutional violations.  *Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006)(stating that "[t]he Supreme Court case of *Bivens* authorizes the filing of constitutional suits against individual federal officers")(citing *Bivens*, 403 U.S. at 397).  *Bivens*, like Section 1983, merely provides a mechanism to bring constitutional claims, and thus, *Bivens* does not by itself provide a claim for relief to Terry.  *Richards*, 461 F.3d at 883.  Terry must do more than cite to *Bivens*.  She must also plausibly suggest constitutional violations by Hodapp.


B.  Malicious Prosecution, Fourth Amendment, and Fifth Amendment Claims

In regard to the *Bivens* malicious prosecution claim in the proposed second amended complaint, Terry has not shown that the Seventh Circuit has recognized a federal malicious prosecution claim under *Bivens*.  In fact, the Seventh Circuit's rulings mentioned above concerning Section 1983 malicious prosecution claims

would apply equally to federal constitutional claims brought under *Bivens*. *See Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir. 2002)(indicating that a *Bivens* claim premised on alleged malicious prosecution was barred by *Newsome*, which held that "malicious prosecution is not a federal constitutional tort as long as the state provides a remedy"); *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005)(explaining that the *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers"). Thus, Terry cannot pursue a *Bivens* malicious prosecution claim in this case.

In regard to the Fourth Amendment claim, Terry has still not alleged facts in the proposed second amended complaint that would plausibly suggest a search or seizure. Finally, in regard to the Fifth Amendment Due Process claim in the proposed second amended complaint, Terry has still not shown a basis for a federal due process claim premised upon a prosecution. Thus, Terry's proposed second amended complaint would be futile, and we deny the motion for leave to file a second amended complaint.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss and deny the motion for leave to file a second amended complaint.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 1, 2011